UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE No._____

**HEBER BEDOYA**, on behalf of himself
and those similarly situated,

    Plaintiff,

v.

**CAR SPA COLLECTION, LLC**,
a Florida Limited Liability Company;
**ANTHONY HAJJAR**, Individually;
and **NADIA ZAHR**, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, HEBER BEDOYA ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, CAR SPA COLLECTION, LLC ("CAR SPA"); ANTHONY HAJJAR, Individually ("HAJJAR"); and NADIA ZAHR, Individually ("ZAHR") (collectively, "Defendants"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff worked for Defendants as a non-exempt auto detailer. Specifically, Plaintiff worked for Defendants from January 1, 2008 through August 16, 2017.

4. At all times material hereto, CAR SPA COLLECTION, LLC was, and continues to be a Florida Limited Liability Company, with its principal place of business located in Coral Gables, Miami-Dade County, Florida.

5. At all times material hereto, CAR SPA COLLECTION, LLC was, and continues to be, engaged in business in Florida, with a principle place of business in Miami-Dade County, Florida.

6. HAJJAR is and was CAR SPA COLLECTION, LLC's Owner and Corporate Officer.

7. At all times material hereto, HAJJAR was and is a resident of the State of Florida.

8. At all times relevant to this action, HAJJAR managed and operated CAR SPA COLLECTION, LLC on a day to day basis.

9. At all times material hereto, HAJJAR regularly exercised the authority to hire and fire employees of CAR SPA COLLECTION, LLC.

10. At all times material hereto, HAJJAR determined the work schedules for the employees of CAR SPA COLLECTION, LLC.

11. At all times material hereto, HAJJAR controlled the finances and operations of CAR SPA COLLECTION, LLC.

12. At all times material hereto ZAHR was a Corporate Officer at CAR SPA COLLECTION, LLC.

13. At all times material hereto ZAHR was and is a resident of the State of Florida.

14. At all times material hereto ZAHR regularly exercised the authority to hire and fire employees of CAR SPA COLLECTION, LLC.

15. At all times material hereto ZAHR determined the work schedules for employees of CAR SPA COLLECTION, LLC.

16. At all times material hereto ZAHR controlled finances and operations of CAR SPA COLLECTION, LLC  .

**COVERAGE**

17. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

18. At all times material hereto, Defendant CAR SPA COLLECTION, LLC was, and continues to be, "enterprise engaged in commerce" within the meaning of FLSA.

19. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendant CAR SPA COLLECTION, LLC was in excess of $500,000.00 per annum during the relevant time periods.

21. Based upon information and belief, the annual gross revenue of Defendant HAJJAR was in excess of $500,000.00 per annum during the relevant time periods.

22. Based upon information and belief, the annual gross revenue of Defendant ZAHR was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including imported vehicles, polishes and various other tools and

materials necessary and integral to Defendants' business operations.

24. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

25. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he regularly and customarily performed work on instrumentalities of interstate commerce (cars).

26. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" including manufactured homes and subject to the individual coverage of the FLSA.

27. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

28. On or about January 1, 2008, Defendants hired Plaintiff to work as a non-exempt auto detailer.

29. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

30. From at least August 16, 2014 and continuing through August 16, 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

31. Defendants have violated Title 29 U.S.C. §207 from at least August 16, 2014 and continuing through August 16, 2017, in that:

    a. Plaintiff worked in excess of forty (40) hours per week during the period of employment with Defendants;

4

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA.

32. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff and the class members were all employees and performed the same or similar job duties as one another in that they performed auto detailing duties for Defendants.

34. Plaintiff and the class members were subjected to the same pay provisions in that they were not paid overtime wages for hours worked over forty (40) every week.  Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

35. Defendants failed to compensate employees at a rate equal to time and one half their regular rate of pay when they worked in excess of 40 hours in a workweek.

36. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members.

37. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff and the class members.

38. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

39. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

40. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

41. The class of similarly situated Plaintiffs is properly defined as follows:

> **All of Defendants' current and former auto detailers who worked at CAR SPA COLLECTION, LLC at any time during the three years before this Complaint was filed up to the present; who worked over 40 hours in one or more workweek.**

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42. Plaintiff realleges and reavers paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. From at least August 16, 2014 and continuing through August 16, 2017, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

44. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40)

hours per weeks when it knew, or should have known, such was, and is due.

  47. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

  48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

  49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

  50. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

  51. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

  WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest; and

    f.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 27th day of February, 2018.

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
FL Bar No.: 27777
MORGAN & MORGAN, P. A.
600 Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) WORKERS; F: (954) 327-3013
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*