UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  18-cv-20755-JLK

HEBER BEDOYA, on behalf of himself
and those similarly situated,

       Plaintiff,

v.

CAR SPA COLLECTION, LLC, a
Florida limited liability company;
ANTHONY HAJJAR, individually; and
NADIA ZAHR, individually,

       Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND TO DISMISS WITH PREJUDICE

Plaintiff, HEBER BEDOYA ("Plaintiff"), and Defendants, CAR SPA COLLECTION, LLC, ANTHONY HAJJAR, and NADIA ZAHR  (collectively "Defendants") (Plaintiff and Defendants collectively the "Parties"), by and through their undersigned counsel, hereby move for approval of the Parties' Settlement Agreement and dismissal of Plaintiff's claims with prejudice, stating as follows:

1.      Plaintiff filed his Complaint in this case on February 27, 2018, seeking overtime compensation under the Fair Labor Standards Act ("FLSA").  *See* [D.E. 1].

2.      A bona fide dispute existed between the parties, as the Plaintiff claimed an entitlement to unpaid overtime wages, and Defendants maintained that the Plaintiff was paid all monies owed to him.  Plaintiff and Defendants also disputed the number of hours that Plaintiff performed work for Defendants' business.  Defendants maintain that Plaintiff has been compensated fully for any and all hours Plaintiff worked at Defendants' business.

3.    Following the informal exchange of information pertaining to Plaintiff's pay and hours worked during Plaintiff's employment, the parties participated in settlement negotiations, which resulted in an agreement, a copy of which is attached hereto as **EXHIBIT A**.   This Agreement was fully executed as of June 15, 2018.  *See id.*

4.    Under the Agreement, Defendants will pay Plaintiff FIFTEEN THOUSAND ($15,000.00) DOLLARS in consideration of his underlying claims for alleged unpaid overtime wages and liquidated damages as part of the dismissal of all Plaintiff's claims.  Plaintiff has confirmed that this amount provides all possible relief for claims for unpaid overtime under the FLSA.  Thus, Plaintiff believes that the settlement amounts can be properly characterized as settlement "without compromise."

5.    The difference between the amount of damages in Plaintiff's Statement of Claim and the amount of damages in the Settlement Agreement is due to additional information becoming available during discovery, which clarified that Plaintiff's initial calculation of his damages was somewhat inflated.  After review of such information, Plaintiff acknowledges that the amount in the Settlement Agreement more accurately depicts what he is owed, and that without the benefit of such records he overestimated his damages previously.

6.     In addition to the payment outlined in Paragraph 4 above, and although not reflected in the Parties' settlement agreement, Defendants have agreed to pay Plaintiff's counsel the amount of SEVEN THOUSAND FIVE HUNDRED ($7,500.00) DOLLARS for attorneys' fees and costs.  Undersigned counsel avers that the amount of attorneys' fees was negotiated apart from, and subsequent to, the Parties' agreement on the amount of settlement funds to be paid to the Plaintiff.  Plaintiff and Defendants jointly submit that the settlement reached herein is fair and reasonable.

7.     In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

8.     In support of this Motion, the parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendants to resolve Plaintiff's claim for fees under the FLSA, are fair and reasonable, and were negotiated separately from the amount for Plaintiff's underlying claims; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

### MEMORANDUM OF LAW

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores,* there are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them  The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id*. at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the

settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel.  *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007).  There is a strong presumption in favor of finding a settlement fair. *Hamilton, 2007 U.S. Dist.* LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the parties jointly submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiff's claims as set forth in their Agreement.   After exchanging information and records from Plaintiff's employment during full discovery, engaging in settlement negotiations which lasted over several months, and in order to avoid the uncertainties and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiff receiving a recovery acceptable to him (which takes into account Plaintiff's personal interest in ending litigation at this stage and the inherent uncertainties of litigation).   Moreover, Plaintiff submitted responses to the Court's interrogatories in this matter, is fully apprised of his potential damages and liquidated damages were he to prevail, is represented by counsel, and has voluntarily chosen this compromise.  The Plaintiff has been advised that if he proceeds in this matter, he may prove all of the damages, or a jury may choose to credit the employer's position, and that he may receive a lesser, or no,

recovery.   In light of this uncertainty, Plaintiff agrees that the $7,500.00 he is receiving for damages on his overtime claim, plus an equal amount of $7,500.00 in liquidated damages in this settlement constitutes a reasonable and informed compromise of his claims.   Indeed, after reviewing the available time and pay records, Plaintiff believes he is receiving all monies potentially due to him under the FLSA under the settlement.

Accordingly, in light of Defendants' agreement to pay Plaintiff the total sum of $15,000.00, separate and apart from his attorneys' fees, including consideration for his unpaid wages, liquidated damages, the parties stipulate that their Agreement is fair and reasonable. Further, the attorneys' fees and costs are not a percentage of Plaintiff's recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf.   *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985).   Rather, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and his counsel separate and apart from the amounts sought by Plaintiff for his underlying claims, and were negotiated independently.   As Judge Presnell explained in *Bonetti v. Embarq Management Co.,* 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The compromise agreed upon by the parties resolves all of Plaintiff's claims for attorneys' fees and Plaintiff has no responsibility to his counsel for any out of pocket sums.

Importantly, throughout the entirety of the litigation in this case, Plaintiff was represented by competent counsel with experience in labor and employment law and Defendants also have been represented by experienced counsel. The parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

**WHEREFORE**, Plaintiff and Defendants respectfully move for entry of an Order, ordering the following:

(1)     Approving the Parties' settlement of the instant disputed claims as fair and reasonable; and

(2)     Any other relief that this Court deems just and appropriate.

Respectfully submitted this 23rd day of July, 2018.

| | |
|---|---|
| */s/ Andrew R. Frisch* | */s/ D. Porpoise Evans* |
| Andrew R. Frisch | D. Porpoise Evans |
| MORGAN & MORGAN, P.A. | Perlman, Bajandas, Yevoli & Albright, P.L. |
| 600 N. Pine Island Road, Suite 400 | 283 Catalonia Ave., Second Floor |
| Plantation, FL 33324 | Coral Gables, FL 33134 |
| Tel: 954-WORKERS; Fax: 954-327-3013 | Tel: 305-377-0086; Fax: 305-377-0781 |
| E-mail: afrisch@forthepeople.com | Email: pevans@pbyalaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on July 23rd, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ ANDREW R. FRISCH*
Andrew R. Frisch

6