# EXHIBIT A

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Confidential Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into on the latest signature date reflected below (the "Effective Date") by and between CAR SPA COLLECTION, LLC. ("Car Spa"), ANTHONY HAJJAR, and NADIA ZAHR ("Defendants") and HEBER BEDOYA ("Plaintiff") (collectively, the "Parties").

WHEREAS, Plaintiff was previously employed by Car Spa;

WHEREAS, Plaintiff filed a purported collective action against Defendants in the United States District Court for the Southern District of Florida (the "District Court"), styled *HEBER BEDOYA v. CAR SPA COLLECTION, LLC, ANTHONY N. HAJJAR, and NADIA ZAHR*, Case No. 18-CV-20755-JLK (the "Litigation");

WHEREAS, in the Litigation, Plaintiff claims Defendants failed to pay him overtime wages in violation of 29 U.S.C. § 201 *et. seq.*, (Plaintiff's "Claims") and that, as a result, he is entitled to damages in the form of statutory damages pursuant to 26 U.S.C. § 7434, compensatory damages, liquidated damages, and attorneys' fees and costs (collectively, Plaintiff's "Purported Damages");

WHEREAS, Defendants expressly deny Plaintiff's Claims and that Plaintiff is entitled to receive the Purported Damages or any part thereof. Moreover, Defendants expressly deny each and every material allegation set forth in the Litigation, and expressly deny having committed any wrong or causing any injury to Plaintiff;

WHEREAS, there are bona fide disputes between Defendants and Plaintiff, including but not limited to bona fide disputes as to whether Plaintiff is entitled to receive the Purported Damages or any part thereof; and

WHEREAS, in order to avoid the further costs and burdens of litigation, Defendants and Plaintiff now desire to settle fully and finally any and all differences between them including, but not limited to, those differences embodied in the Litigation.

NOW, THEREFORE, Defendants and Plaintiff agree as follows:

1.      The foregoing recitals constitute part of this Agreement.

2.      Within three business days from the date the last party signs this Agreement, Plaintiff shall file with the District Court where the Litigation is pending, a Dismissal of the Litigation with Prejudice, which shall provide among other things an Order Dismissing Cause with Prejudice, attached hereto as Exhibit "A." The Parties acknowledge and agree that this Agreement and the payment of the Settlement Amount, may be contingent upon the approval of this Agreement by the Court before which the Litigation is pending and the dismissal with prejudice of the Litigation. Accordingly, the Parties and their respective counsel shall cooperate and execute such other documents or pleadings as may be necessary for the approval of this Agreement and the dismissal of the Litigation with prejudice.

Page 1

3. In consideration of this Agreement and the mutual promises set forth herein, and in full, final, and complete settlement, Defendants shall pay or cause to be paid to Plaintiff the total gross amount of Fifteen Thousand Dollars ($15,000.00) (the "Settlement Amount"), to resolve all Claims and Purported Damages related to this Litigation and any other potential claims or damages by and between the Parties. The payment terms are as follows:

    (a) One check made payable to HEBER BEDOYA in the amount of $15,000.00.

    (b) The Settlement Amount shall be paid concurrently with execution of this Agreement, but shall be held in escrow by Defendants' counsel, Perlman, Bajandas, Yevoli & Albright, P.L., until the Court enters a Dismissal of the Litigation with prejudice.

Plaintiff agrees and understands that no attorneys' fees or taxes shall be withheld from the Settlement Amount. Plaintiff agrees and acknowledges that he will be solely responsible for the payment of any and all of his attorneys' fees and any taxes with respect to the Settlement Amount, and he represents and warrants that such taxes will be timely and fully paid. Plaintiff also agrees, warrants and acknowledges that Defendants shall have no responsibility whatsoever for the payment of any attorneys' fees or taxes with respect to the Settlement Amount. Should, for whatever reason, a federal, state, or other governmental authority assert that any part of the Settlement Amount is subject to federal, state, or other taxation or withholding, Plaintiff understands and agrees that he is responsible for and shall indemnify and hold Defendants harmless from the payment of any taxes, interest, penalties, levies, or assessments applicable thereto.

4. Plaintiff represents, warrants, and acknowledges that Defendants do not owe him any wage, other compensation, or payments of any kind or nature, other than as set forth in this Agreement.

5. Plaintiff agrees and understands that the amounts paid by or on behalf of Defendants pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that Defendants expressly and vigorously deny that Plaintiff is entitled to receive any relief whatsoever, including but not limited to the Purported Damages or any part thereof. The Parties agree and acknowledge that there are good faith, bona fide disputes between Defendants and Plaintiff, including whether Plaintiff is entitled to receive the Purported Damages or any part thereof. The Parties further agree and acknowledge that this Agreement represents a fair, reasonable, good faith, and arms-length resolution of disputed issues and claims.

6. Plaintiff, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of Defendants, receipt of which is hereby acknowledged, hereby *releases and forever discharges* Defendants and Defendants' respective parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), members, managers, directors, officers, employees, agents, and attorneys (and the shareholders (direct or indirect), members, managers, directors, officers, employees,

Page 2

agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), and all persons acting by, through, under, or in concert with any of them (Defendants and the foregoing other persons and entities are hereinafter defined separately and collectively as "Defendants' Releasees"), from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of, any aspect of Plaintiff's employment or relationship with Defendants, the termination of Plaintiff's employment or relationship with Defendants, or any agreement concerning such relationship or employment, including, but not limited to:

(a)    any and all claims asserted, or that could have been asserted, in the Litigation, including, but not limited to, any and all claims under the Florida Civil Rights Act;

(b)    any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims of employment discrimination on any basis, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended, under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, under the Civil Rights Act of 1991, as amended, under the Americans with Disabilities Act of 1990, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Family and Medical Leave Act of 1993, as amended;

(c)    any and all claims under any federal, state, or local wage and hour law, including the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, employment law, labor law, civil rights law, human rights law, or workers' compensation law;

(d)    any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and prima facie tort; and

(e)    any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs; any or all of which, against Defendants' Releasees, Plaintiff or his heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date Plaintiff executes this Agreement.

7.    Plaintiff understands and acknowledges that there may be facts or information he does not know or suspect to exist in his favor at the time he executes this Agreement, and he agrees this Agreement is intended to and does extinguish any and all claims he might have based on such facts or information.

8.    Excepting only the Litigation, Plaintiff represents and warrants that he has never commenced or filed, and covenants and agrees never to commence, file, aid, or in any way

prosecute or cause to be commenced or prosecuted against Defendants' Releasees, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by Defendants' Releasees, or any of them, that may have occurred or failed to occur before his execution of this Agreement.

9. Plaintiff represents and warrants that no other person is entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against him by Defendants' Releasees, or any of them, including, but not limited to, any and all claims for attorneys' fees, experts' fees, or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by Defendants' Releasees that may have occurred or failed to occur before his execution of this Agreement. Plaintiff further represents and warrants that he has not assigned and will never assign any such claim.

10. <u>Confidentiality and Non-disparagement</u>:

(a) If Defendants are contacted by any third-party, including a prospective employer, regarding a current or former employee of Defendants, it is Defendants' policy to only provide or confirm (i) the current or former employee's dates of service and (ii) the current or former employee's position(s) held. Defendants agrees to follow this policy regarding Plaintiff.

(b) Plaintiff agrees that other than filing in connection with seeking the court's approval of this Agreement and dismissal of the litigation, this Agreement, as well as the nature and terms of this settlement and the subject matter thereof, will be forever treated as confidential. Plaintiff agrees not to discuss, reveal, or disclose the terms and conditions of this Agreement, including the Settlement Amount, except (1) to his attorneys, accountants, and tax advisors, (2) as may be required by the Internal Revenue Service, (3) pursuant to court order or subpoena compelling such disclosure, or (4) as otherwise required by law. If required by court or governmental order, subpoena, or otherwise as required by law to disclose this Agreement, Plaintiff will notify Defendants' counsel prior to making any such disclosure and permit Defendants a reasonable time to object to such disclosure. Plaintiff acknowledges and agrees that this confidentiality provision is a material part of this Agreement and agrees that Plaintiff's promise to maintain the confidentiality of this Agreement is an important element of the consideration for and inducement of Defendants to enter into this Agreement.

(c) Notwithstanding anything in this paragraph 10(c) to the contrary, the Parties agree that if asked about the Litigation they will limit their remarks and simply state that the matter has been resolved by mutual agreement and to the parties' mutual satisfaction, or words to that effect, and it is expressly agreed that the Plaintiff shall make no further comment. Plaintiff further agrees to reimburse Defendants for their reasonable attorneys' fees and litigation costs incurred in connection with any action brought to enforce the terms of this Paragraph 10(c).

(d) Plaintiff agrees that Plaintiff has not commented, and will not comment, negatively or publicly to Defendants' current or former employees, or to any media or third party (person or entity) about Defendants or their affiliates and/or their respective business operations, relationships, projects, and clients, or otherwise. Plaintiff will not provide negative information

Page 4

or commentary about Defendants or their affiliates, or instances or events that occurred during Plaintiff's employment or other information about Defendants or their clients that may be disparaging or negative, privately or in public, including any personnel records, except as Plaintiff may be required to do in accordance with the law, by court order, or by mandatory process. Plaintiff also agrees that Plaintiff will not communicate with the news media or via any social networking or other communication process regarding Defendants, their affiliates, or their clients without prior approval of Defendants.

(e) Plaintiff further agrees that Plaintiff's breach of the provisions of this paragraph 10 constitutes irreparable harm to Defendants. In the event of an actual or threatened confidentiality breach, Plaintiff consents to a temporary restraining order, preliminary injunction, and/or permanent injunction prohibiting commission or continuation of any actual or threatened breach. The Parties acknowledge and agree that if Plaintiff breaches any of the confidentiality obligations of this Paragraph 10, Defendants will be entitled to specific performance, injunctive, and/or other equitable relief, in addition to money damages if found appropriate, as a remedy for any such breach of this Agreement, as Plaintiff recognizes that money damages may not be a sufficient remedy for breach of this Agreement. If Plaintiff breaches this Agreement, liability can be determined by an appropriate court of law and any efforts to quantify damages will not preclude injunctive relief.

11. Subject to Paragraph 2(b) above, should any part, term, or provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid, or unenforceable part, term, or provision will be deemed not to be a part of this Agreement.

12. In any action or proceeding, including but not limited to appellate proceedings, relating to or arising out of this Agreement, the prevailing party shall be entitled to recover his or its costs and reasonable attorneys' fees.

13. This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida and, where applicable, federal law. Any action or proceeding relating to or arising out of this Agreement shall be brought in the District Court, if it should have jurisdiction, or in a court of competent jurisdiction where this Litigation was brought.

14. Should any term or provision of this Agreement require interpretation or construction, it is agreed by the Parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular Party, it being agreed that all Parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

15. This Agreement sets forth the entire agreement between the Parties hereto, fully supersedes any and all prior agreements or understandings between the Parties regarding the subject matter hereof, and may not be modified orally.

16. This Agreement is not, and shall not in any way be construed as, an admission by Defendants or any of Defendants' Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, Plaintiff or any other person, and Defendants specifically disclaim any liability to, or any unlawful or otherwise wrongful acts against, Plaintiff or any other person on the part of Defendants or any of Defendants' Releasees. This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

17. Plaintiff expressly represents, warrants, and acknowledges that: the terms and provisions of this Agreement herein stated are the only consideration for signing this Agreement; no other promise or agreement of any kind has been made by, to, or with any person or entity whatsoever to cause the signing of this Agreement; and, in executing this Agreement, Plaintiff does not rely and has not relied upon any representation or statement made by any of Defendants' Releasees or by any of Defendants Releasees' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

18. Plaintiff represents and acknowledges that Plaintiff's signature hereon shows that Plaintiff has decided knowingly, voluntarily, freely, and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration paid by or on behalf of Defendants, and that Plaintiff's signature appearing hereon is genuine.

19. Notwithstanding any other provision of this Agreement to the contrary, Defendants and Plaintiff agree as follows:

(a) Plaintiff, in consideration of the promises made and the payments and benefits provided by Defendants as set forth herein (which Plaintiff agrees constitute consideration in addition to anything of value to which he is already entitled), agrees that this Agreement constitutes a knowing and voluntary waiver of all rights or claims Plaintiff may have against the Defendants' Releases, or any of them, including but not limited to, all rights or claims arising under the Age Discrimination in Employment Act on 1967, 29 U.S.C. §§ 621-634, and the Older Workers Benefit Protection Act, 29 U.S.C. §§ 623, 626, and 630, including, but not limited to, all claims of age discrimination in employment and all claims of retaliation in violation of the ADEA.

(b) Plaintiff, in consideration of the promises made and the payments and benefits provided by Defendants as set forth herein (which Plaintiff agrees constitute consideration in addition to anything of value to which he is already entitled), waives any claims for rights to reinstatement, or return, or to seek future employment with Defendants' Releasees, and agrees not to seek future employment with Defendants' Releasees.

(f) By entering into this Agreement, the Parties do not waive rights or claims that may arise after the date this Agreement is executed.

(d) This Agreement does not affect the rights and responsibilities of the U.S. Equal Employment Opportunity Commission (the "EEOC") or like agencies to enforce the ADEA and other laws. The Plaintiff further agrees that he knowingly and voluntarily waives all rights or claims (that arose prior to his execution of this Agreement) that he may have against

Defendants' Releasees, or any of them, to receive any benefit or remedial relief (including, but not limited to, reinstatement, back pay, front pay, damages, attorneys' fees, and costs) as a consequence of any charge filed with the EEOC or like agencies, or of any litigation concerning any facts alleged in any such charge.

(e)  Defendants hereby advise and urge Plaintiff in writing to consult with an attorney prior to executing this Agreement.

20. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the Parties hereto may not be signatories to the original or the same counterpart. The Parties agree and acknowledge that a photocopy, facsimile copy, e-mailed copy, or scanned copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

21. Any notice, correspondence, payment, or other communication contemplated by or connected with this Agreement shall be directed as follows:

(a)  <u>If to Defendants</u>:
Porpoise Evans, Esquire
Perlman, Bajandas, Yevoli & Albright, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Phone: 305-377-0086
E-Mail: pevans@pbyalaw.com

(b)  <u>If to Plaintiff</u>:
Heber Bedoya

Address: 1454 NW 15 AV
Miami Fl 33125
Phone: 305 709 8501

E-Mail: Heberbedoya@gmail.com

Page 7

22. Plaintiff expressly represents and warrants that he (a) has carefully read this Agreement; (b) fully understands the terms, conditions, and significance of this Agreement; (c) has had ample time to consider and negotiate this Agreement; (d) has had a full opportunity to review this Agreement with his attorneys, but has declined to do so; and (e) has executed this Agreement—consisting of 22 numbered paragraphs and a total of 8 pages—voluntarily and knowingly.

**CAR SPA COLLECTION, LLC**

By: _____
Signature

Anthony Hajjar
Print Name and Title

Dated: 6/11/18

**NADIA ZAHR**

By: _____
Signature

Dated: 06/15/2018

**ANTHONY N. HAJJAR**

By: _____
Signature

Dated: 6/11/18

**HEBER BEDOYA**

By: _____

Dated: 06/11/2018

The foregoing instrument was acknowledged before me this 11th day of June 2018, by Heber Bedoya, who is personally known to me or who has produced _____ as identification.

_____
Notary Public

ALEXIS MAYOR
MY COMMISSION # GG 113942
EXPIRES: July 2, 2021
Bonded Thru Notary Public Underwriters

Alexis Mayor
Printed Notary Name

My Commission Expires:

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 18-cv-20755-JLK

HEBER BEDOYA,

    Plaintiff,

vs

CAR SPA COLLECTION, LLC, a
Florida limited liability company;
ANTHONY HAJJAR, individually; and
NADIA ZAHR, individually,

    Defendants.
_____/

**Joint Motion for Approval of Settlement Agreement**
**and Dismissal of the Litigation with Prejudice**

COME NOW Defendants, Car Spa Collection, LLC, Anthony Hajjar, and Nadia Zahr (collectively, the "Defendants"), and Plaintiff Heber Bedoya ("Plaintiff"), and pursuant to Rule 41 of the Federal Rules of Civil Procedure, and Local Rule 7.1, jointly move this Court for approval of the parties' Confidential Settlement Agreement and Release and for dismissal of the above-styled action with prejudice, without costs and waiving all rights of appeal.

Preliminary Statement

Plaintiff alleged in his Complaint that Defendants failed to pay him overtime pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA"), retaliated against him in violation of 29 U.S.C. § 216(b), and filed improper information in Defendants' tax returns in violation of 26 U.S.C. § 7434. To avoid the costs and uncertainty of further litigation, however, the parties have agreed to settle Plaintiff's claims and seek dismissal of this action with prejudice.

## Argument

Claims for back wages arising under the FLSA may be settled or compromised only with the approval of a court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). When the settlement is the result of negotiations between two parties represented by counsel in the context of litigation, "the settlement is more likely to reflect a reasonable compromise of disputed issues." *Id.* at 1354.

In this action, the parties, without aid of counsel, engaged in settlement negotiations that resulted in a settlement of all Plaintiff's claims, including, for his purported lost wages, liquidated damages, attorneys' fees, and litigation expenses.

The Defendants agreed to pay Plaintiff the amount of $15,000.00, as set forth in the Confidential Agreement and Release attached hereto as Exhibit "A."

The parties agree that the settlement represents a fair and equitable resolution of this action. The parties also submit that dismissal with prejudice is appropriate, as this action has remained an individual action and no motion for collective action certification has been made or considered by this Court. A proposed Order is attached to this Motion as Exhibit "B."

Wherefore, the parties respectfully request that this Court enter an Order granting this Motion and approving the terms of the settlement of Plaintiff's claims and dismissing this case with prejudice, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this ___ day of _____, 2018.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.

/s/ Porpoise Evans
Porpoise Evans, Esq.
(FBN 576883)
pevans@pbyalaw.com
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Defendants*

PLAINTIFF

_____
Heber Bedoya
*Pro Se*

Certificate of Service

I HEREBY CERTIFY that on this ___ day of _____, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Porpoise Evans
Porpoise Evans, Esq.
(FBN 576883)
pevans@pbyalaw.com
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-20755-JLK

HEBER BEDOYA,

    Plaintiff,

vs

CAR SPA COLLECTION, LLC, a
Florida limited liability company;
ANTHONY HAJJAR, individually; and
NADIA ZAHR, individually,

    Defendants.
_____/

## ORDER DISMISSING CASE WITH PREJUDICE

**THIS MATTER**, is before the Court on parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Litigation with Prejudice [ECF____, the "Motion"]. The Court has carefully reviewed said Motion and the Court having reviewed this matter and being otherwise fully advised in the premises. Accordingly, after due consideration, it is hereby,

**ORDERED and ADJUDGED** that the Motion is hereby GRANTED. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement. The above-styled action is hereby DISMISSED WITH PREJUDICE. The Clerk shall close this case.

**DONE and ORDERED** in Chambers in Miami, Florida on _____.

                                                  **HONORABLE JAMES LAWRENCE KING**
                                                **UNITED STATES DISTRICT JUDGE**

Copies furnished to: All counsel of record